UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CARL A. RALSTON,
   Plaintiff,

vs.                                       No. 07-3052

NEIL WILLIAMSON, et.al.,
   Defendants

ORDER

This cause is before the court for consideration of the plaintiff's motions for appointment of counsel [d/e 27, 31] and the discovery motions filed by the plaintiff and the defendants. [d/e 35, 36, 38, 39].

I. BACKGROUND

The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 against five defendants at the Sangamon County Jail including Sheriff Neil Williamson, Assistant Warden William Strayer, Sargent Greg Glemmons and Placement Officers Vince Fox and John Kirby. The plaintiff says the defendants violated his Eighth Amendment rights when they failed to protect him from an attack by other inmates and failed to provide him medical care for his serious medical condition.

II. MOTIONS FOR APPOINTMENT OF COUNSEL

The plaintiff has filed numerous motions asking for the court to appoint counsel in his case. [d/e 22, 23, 27, 31]. The plaintiff states that he has been unsuccessful in his attempts to hire counsel and is unfamiliar with the discovery process. In his most recent motion, the plaintiff says he is under the care of a psychiatrist and is taking medication for Schizophrenia. The plaintiff has submitted no medical records or other documents to verify this claim. The plaintiff does not state that he is incapable of representing himself.

The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936. Though the case involves the plaintiff's medical treatment, at this point it does not appear so complex that the plaintiff is not competent to proceed pro se. The difficulties faced by the plaintiff are the same faced by all pro se prisoners. Perhaps more importantly, the plaintiff has not shown enough factual merit to his claim of deliberate indifference to warrant an inference that counsel would make a difference in the outcome. The

plaintiff's motions are denied with leave to renew.

### III.  DISCOVERY MOTIONS

The defendants have filed a motion to compel the plaintiff to respond to their request for production of documents. [d/e 35].  The defendants say they have asked the plaintiff to provide various documents, but he has failed to respond.  The plaintiff says he has not been able to obtain a copy of his medical records because he can not pay the copy fees to the Illinois Department of Corrections.   The plaintiff has also filed a court order asking the court to order the Illinois Department of Corrections to provide him with a copy of his medical records.  The motion is denied. [d/e 38]   The Illinois Department of Corrections is not a party in this case.  The plaintiff must make a direct request to the Medical Records Department at Illinois River Correctional Center.   The plaintiff should clearly state in his request that he has on going litigation concerning his medical condition.  If he does not receive a copy of his medical records within thirty days, the plaintiff should file another motion with the court for the release of his medical records and provide the court with a copy of his request and any response he received.

The plaintiff also states that he does not have copies of his grievances or other documents.  The plaintiff must provide copies of any documents he has in his possession and must obtain copies of any documents he intends to use in his case and provide those copies to defense counsel.  If the plaintiff fails to provide copies to defense counsel, he will not be allowed to use those documents in this case. The defendants' motion is therefore granted. [d/e 35].

The plaintiff has filed a motion asking the court to order the defendants to provide him with a copy of a videotape from the Sangamon County Jail and a copy of his medical records from the jail. [d/e 36].   It appears the plaintiff has filed his discovery requests with the court instead of sending them to defense counsel.  The defendants have responded that they will treat the plaintiff's motion as a discovery request and respond accordingly.  The motion is denied.   The plaintiff must provide any discovery requests to defense counsel and attempt to resolve any disputes with defense counsel before filing a motion to compel. *See Fed. R. Civ. P.*  37(a).

The defendants have now filed a motion for summary judgement. [d/e 43] The plaintiff has filed a one page response stating that he has not been able to obtain the necessary documents to respond.  On its own motion, the court will extend the discovery period for 60 days.   The plaintiff is advised that he must participate in the discovery process.  No further extensions will be granted. Consequently, the court will deny the pending motion for summary judgement with leave to renew and/or supplement.

**IT IS THEREFORE ORDERED that:**

**1)  The plaintiff's motions for appointment of counsel are denied with leave to renew.  [d/e 27, 31]**

**2)  The defendants' motion to amend the scheduling order is denied as moot. [d/e 30]**

**3) The defendants' motion to compel the plaintiff to respond to their request for**

documents is granted. [d/e 35] The plaintiff must provide the defendants with copies of any documents that are relevant to the discovery request.  If the plaintiff fails to provide copies of documents to the defendants, he will not be allowed to use those documents in response to a dispositive motion or at trial.

4) The plaintiff's motion for a court order concerning discovery is denied. [d/e 36] The plaintiff must first present any discovery requests to the defendants.

5) The plaintiff's motion for a court order directing the Illinois Department of Corrections to provide him with a copy of his medical records is denied. [d/e 38] The plaintiff should inform the court if he is unable to get a free copy of his medical records within 30 days.

6) The defendants' motion for the release of medical records is denied as moot. [d/e 39]. The court has granted the defendants' motion pursuant to 45 CFR 164.512.  *See April 1, 2008* Text Order.

7) On its own motion, the court will extend the discovery period for 60 days. Consequently, the court will deny the pending motion for summary judgement with leave to renew and amend. [d/e 43]   The court will abide by the following scheduling deadlines: 1) all discovery must be completed on or before June 13, 2008; and 2) any dispositive motion must be filed on or before July 18, 2008.  The plaintiff is admonished that he must participate in the discovery process.  No further extensions will be granted.

Entered this 9th day of April, 2008.


                              s\Harold A. Baker
                    _____
                              HAROLD A. BAKER
                       UNITED STATES DISTRICT JUDGE